UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL LEWIS,

                        Plaintiff,

        -against-

DR. ROBERT BENTIVEGNA, et al.,

                        Defendants.

7:25-CV-3632 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff Michael Lewis, who is currently incarcerated in the Green Haven Correctional Facility ("Green Haven"), a New York State Department of Corrections and Community Supervision ("DOCCS") prison, brings this action *pro se* asserting claims of violations of his federal constitutional rights, seeking damages and other relief.  He sues: (1) Dr. Robert Bentivegna, Green Haven's former Facility Health Services Director; (2) Bobbi Tuohy, Green Haven's former Superintendent; (3) Nurse Felix, a Green Haven nurse; (4) "Nurse Alexandra," a Green Haven nurse; (5) Nurse Debbyo, a Green Haven nurse; and (6) "Nurse H," a Green Haven nurse.  The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

      By order dated June 12, 2025, the court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1]  By order dated July 29, 2025, the Court directed service on the identified defendants and directed the Attorney General of the State of New York ("AG") to provide Plaintiff and the Court with the identity and the service address of "Nurse H."  On August 1, 2025, service on Defendant Bentivegna was returned unexecuted, and the Court was informed that Dr. Bentivegna no longer works at Green Haven, where service had

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

been attempted.  The Court therefore issued a *Valentin* order on August 5, 2025, directing the AG to provide the Court and Plaintiff with the service address for Dr. Bentivegna within 60 days.  During that time, on September 13, 2025, service on "Nurse Alexandra" was also returned unexecuted.  (ECF No. 13.)  On September 25, 2025, the AG filed a letter identifying RN Krystal Lewis-Heady as the only nurse who treated Plaintiff whose last name starts with H and providing service addresses for both Nurse Lewis-Heady and Dr. Bentivegna.

## DISCUSSION

**A.    Service on Nurse Lewis-Heady and Dr. Bentivegna**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on defendants Lewis-Heady and Bentivegna through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for both of those defendants.  The Clerk of Court is further instructed to issue a summons for Krystal Lewis-Heady and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on those defendants.

If a summons and the complaint are not served on those defendants within 90 days after the date that the summonses for those defendants are issued, Plaintiff should request an extension

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve the identified defendants until 90 days after the date that any summonses for those defendants issue.

of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

**B.     Identification of "Nurse Alexandra"**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and that defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). It is therefore ordered that the AG, as the attorney for and agent of DOCCS, must ascertain the identity and service address of "Nurse Alexandra" within 60 days of the date of this order.[3] Once the Court has received this information, it will issue an order directing service on her at the address provided.

## CONCLUSION

The Court directs the Clerk of Court to: (1) issue a summons for Krystal Lewis-Heady; (2) complete USM-285 forms for her and Dr. Bentivenga; and (3) deliver all documents necessary to effect service of a summons and the complaint on those defendants to the USMS.

The Court further directs the Clerk of Court to mail a copy of this order to Assistant Attorney General Daniel S. Kirschbaum, 28 Liberty Street, 18th Floor, New York, New York 10005.

**SO ORDERED.**

Dated: September 25, 2025
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[3] It is not clear if "Alexandra" is the nurse's first or last name. In addition, the name may actually be "Alejandro." (*See* ECF No. 1 at 14.)

**DEFENDANTS AND SERVICE ADDRESSES**

1. Dr. Robert Bentivegna
   Otisville Correctional Facility
   57 Sanitorium Avenue
   Otisville, New York 10963-0008

2. RN Krystal Lewis-Heady
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010