UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL LEWIS,

                        Plaintiff,

            -against-

DR. ROBERT BENTIVEGNA, *et al.*,

                        Defendants.

7:25-CV-3632 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

On December 18, 2025, the Court issued an order directing the AG to identify and provide the service address for Nurse Alexandra within 30 days.[1]  (ECF No. 25.)  On December 30, 2025, the AG filed a letter indicating that the individual whose name most nearly approximates "Nurse Alexandra" is R.N. Rose Aleandre, and providing the address where Nurse Aleandre can be served.  (ECF No. 26.)  The letter also informed the Court that the defendant named in the Complaint as "Nurse Debbyo" is most likely R.N. Debbie Oyedele, and provided her service address.  (*Id.*)

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The

---

[1] Although to AG was initially directed to do so by an order issued September 25, 2025, (ECF No. 15), it failed to comply due to an oversight.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve the identified defendants until 90 days after the date that any summonses for those defendants issue.

officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3)

(the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on defendants Aleandre and Oyedele through the

USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form

("USM-285 form") for both of those defendants.  The Clerk of Court is further instructed to issue

a summons for those defendants and deliver to the USMS all the paperwork necessary for the

USMS to effect service of a summons and the complaint on those defendants.

If a summons and the complaint are not served on those defendants within 90 days after

the date that the summonses for those defendants are issued, Plaintiff should request an extension

of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the

plaintiff's responsibility to request an extension of time for service).

### CONCLUSION

The Court directs the Clerk of Court to: (1) issue summonses for Aleandre and Oyedele;

(2) complete USM-285 forms for those defendants; and (3) deliver all documents necessary to

effect service of a summons and the complaint on those defendants to the USMS.

**SO ORDERED.**

Dated:  December 31, 2025
         White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

2

**DEFENDANTS AND SERVICE ADDRESSES**

1.  R.N. Rose Aleandre
    c/o Supplemental Health Care
    95 John Muir Drive, Suite 1
    Amherst, NY 14228

2.  R.N. Debbie Oyedele
    c/o New York State Office of Mental Health
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010