UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL LEWIS,

                              Plaintiff,

              -against-

DR. ROBERT BENTIVEGNA, *et al.*,

                              Defendants.

7:25-CV-3632 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

On March 11, 2026, the Court issued an order directing the Attorney General ("AG") to ascertain and provide the correct service address for Nurse Aleandre within 30 days.  (ECF No. 29.)  On March 25, 2026, the AG filed a letter indicating that Nurse Aleandre no longer works at either DOCCS or the health care facility where service was initially attempted.  (ECF No. 30.) The letter explained that Nurse Aleandre appears to be employed by another nurse staffing agency, but that this agency is unwilling to confirm her employment or accept service on her behalf.  (*Id.*)  The AG thus contacted the Court directly with Nurse Aleandre's last-known personal home address.  The Court will file this Order with Defendant Aleandre's address redacted, but will provide an unredacted copy to the Marshals.  The Marshals are directed to file the Marshals Process Receipt with the address redacted

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1]

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve Nurse Aleandre until 90 days after the date that the summons for this defendant issues.

*Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Nurse Aleandre through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons for this defendant and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on her.

If a summons and the complaint are not served on Nurse Aleandre within 90 days after the date that this summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

## CONCLUSION

The Court directs the Clerk of Court to: (1) issue a summons for Aleandre; (2) complete the USM-285 form for her; and (3) deliver all documents necessary to effect service of a summons and the complaint on her to the USMS. The Marshals are directed to file the Marshals Process Receipt with the address redacted.

**SO ORDERED.**

Dated:  March 27, 2026
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

2

**DEFENDANT AND SERVICE ADDRESS**

1.  R.N. Rose Aleandre
    ██████████████
    █████████████████████